The Wisconsin Court of Appeals unreasonably applied Supreme Court precedent and unreasonably determined facts under 2254 D. In deciding that Mr. Triplett's ineffective assistance counsel claim couldn't move forward. I want to focus first on the state's procedural argument. The state's arguing that Mr. Triplett, when he filed his original motion to withdraw his guilty plea, didn't say enough about the reasons why it was so important to him that the state trial judge not consider the read-in offenses, effectively the relevant conduct, in imposing sentence. That is really an obvious point. In response to the procedural argument that the state made, we laid out four responses in our reply brief. I want to highlight two of them. First and foremost, the state has waived this argument. In particular, the state, in responding to Mr. Triplett's original motion to withdraw his guilty plea, did not say anything about this particular point, did not argue specifically that Mr. Triplett failed to adequately plead prejudice on this point in the state trial court. And then again, in the Wisconsin Court of Appeals, the state argued entirely the merits, didn't argue a procedural point at all. And this isn't some technical footfall by the state. This had real impact on Mr. Triplett. Had the state raised this point in response to Mr. Triplett's original motion, Mr. Triplett could have fixed the problem. He could have filed an amended motion. He could have filed an additional affidavit in support of his motion. He could have even said something in his reply brief in response to the state's argument. But because the state never said anything, Mr. Triplett had no reason to question his own points, the sufficiency of his own statements. And it'd be patently unfair here for the state to rely on its own failure effectively as a shield to keep this court from reviewing the merits of the case. The other point I want to highlight is essentially the flip side of the same coin, and it is the independent and adequate state grounds point. For the state to establish adequacy, it needed to show that this rule was regularly followed in the state of Wisconsin. First and foremost, this was the state's burden to show. It's the state looking for this affirmative defense. And the state didn't put forward any argument or any facts to establish this empirical point in response to Mr. Triplett's habeas petition. And if anything, the record really establishes the opposite, that this is not a rule that's regularly followed in the state of Wisconsin. Again, the state itself didn't rely on this rule in responding to Mr. Triplett's original motion to withdraw his guilty plea, didn't rely on this rule in the Wisconsin Court of Appeals. And as importantly, the Wisconsin trial judge said nothing about this procedural rule in denying Mr. Triplett relief on his original motion. And it would have been easy for the trial judge to say, motion denied, you have not adequately pled this point. This is all really, really strong evidence that this is not a rule that's regularly followed in this context, in this way, in Wisconsin courts. And if it's not regularly followed, it's not an adequate state ground, and so the procedural bar cannot apply. I want to spend a few minutes talking about the substance of the claim and focus immediately on prejudice. The state has made what I think is a remarkable concession for the first time in the six years of these proceedings. The first time the state is now conceding that the Wisconsin trial judge did not consider the read-in offense, or I'm sorry, did consider the read-in offenses, did consider the relevant conduct in the opposing sentence. The reason why that is so important to Mr. Triplett is that of all the points that all the courts have considered in explaining why Mr. Triplett had not shown prejudice, this is the one that had teeth. If this were true, if the Wisconsin trial judge really had not considered the read-ins in the opposing sentence, then there really isn't prejudice. And so that's why it's so important that the state is conceding that that's not true, that that's not accurate. The other points on which the courts have relied, the language in the plea questionnaire, the fact that Mr. Triplett received a benefit in the total sentencing exposure by pleading guilty, and the fact that he pled guilty to one count of human trafficking related to one victim, those are not grounds to overcome the prejudice point that Mr. Triplett was making, that had he known the truth about the read-ins, he would have assessed his sentencing exposure, his actual sentencing exposure differently, realized that the sentence he would have received at trial wouldn't have been that much greater than the sentence he would have received in pleading guilty, and would have proceeded to trial. Why don't the acknowledgments Mr. Triplett made when he signed the plea questionnaire coupled with the judge's confirmation at the plea hearing that the dismissed charges would be read in at sentencing, resolve any doubt about whether the read-in offenses could be considered at sentencing? Really, this is a point about definitions and explanation in the plea questionnaire, Your Honor. The plea questionnaire doesn't actually explain what read-in means, and at the time that Mr. Triplett is signing the plea questionnaire, it's dated the same day that the judge took his guilty plea. Mr. Triplett's attorney, Attorney Earl, had already explained to Mr. Triplett the opposite, that putting aside the terms, the effect, the judge would not consider the conduct to which Mr. Triplett was not pleading guilty, the conduct that Mr. Triplett was not admitting, the judge would not consider. That was the bad advice that Attorney Earl gave to Mr. Triplett, and so when Mr. Triplett's reading that plea questionnaire without any sort of definition or explanation in that questionnaire about what read-in means, the natural point for him is to accept what his attorney is telling him, and believe that the judge isn't going to up his sentence based on conduct to which he was not admitting. That is the disconnect between the language in the plea questionnaire and the advice, the misadvice that Attorney Earl gave. Really, what the courts in Wisconsin all were expecting of Mr. Triplett was to see a disconnect, see a discrepancy between the advice that Mr. Earl, attorney, was giving and the language in the plea questionnaire, decide for himself that the plea questionnaire was somehow right and Attorney Earl was wrong, and then go from there and realize on his own, despite his attorney's advice, that the plea questionnaire was controlling and that the judge was going to up his sentence based on facts that he wasn't admitting was correct. That's just not reasonable, and it's really not supported by the language in the plea questionnaire. I'm running into my rebuttal time, and I'd like to reserve the remainder of my time. Certainly, counsel. Mr. O'Neill. Thank you, Your Honor, and may it please the court, Assistant Attorney General Aaron O'Neill, on behalf of the warden, Jennifer McDermott. There are two reasons for this court to affirm the district court's decision denying Mr. Triplett's petition for a writ of habeas corpus. The first is because the claim is procedurally defaulted, and the second is because the claim fails on the merits. Mr. Triplett's claim is procedurally defaulted because the state court of appeals here resolved it by applying Wisconsin's pleading standards for obtaining a post conviction evidentiary hearing on a claim of ineffective assistance of counsel. The court specifically held that Triplett had not sufficiently alleged that he was prejudiced and thus wasn't entitled to a hearing. Is there at least an ambiguity as to whether the Wisconsin Court of Appeals decision as to the adequacy of his pleading was interwoven with the merits of Mr. Triplett's ineffectiveness claim? I don't believe so. The court of appeals clearly identified the controlling standard by saying conclusory allegations in support of a claim of ineffective assistance are not enough to obtain an evidentiary hearing. And then it applied those standards by saying Mr. Triplett's allegation of prejudice, which was just a bare assertion, I would not have pleaded guilty and I would have gone to trial, but for counsel's advice, was a conclusory allegation. The court admittedly did go on to discuss the reduction in sentence that Mr. Triplett got. And it also discussed the effects of the dismissed charges showing that he was engaged in prostitution related activities. But those references do not transform the court of appeals decision into a decision on the merits. The court of appeals never held that Mr. Triplett would have gone to trial, but for counsel's advice, or never held that he hadn't proved that he would not have gone to trial, but for counsel's advice. The court of appeals never specifically said he's not prejudiced. Instead, it held that he had not made a sufficient initial showing of initial allegations of prejudice to entitle him to a hearing. So I think the court of appeals basically was, when it applied the Hill standard of saying that Mr. Triplett had to show special circumstances related to counsel's advice, the court was just offering some examples of what maybe was a relevant consideration that he could have explained why he would have rejected the plea agreement for counsel's advice. The state, of course, made an important concession on appeal, which is that the sentencing judge, in fact, did consider the read and offenses at sentencing. Despite the judge's representation on post-conviction review, that he did not. You are to be commended for the candor of that. I don't think there can be any dispute reading the sentencing transcript that the court did consider, at least with respect to the bulk of the read and offenses were prostitution related. And the court, the charges that were pledged to only involved one victim, the court in its sentencing decision referred to the victims in plural, described them as women. So I think there can be no dispute that the court actually did consider that. But I don't think that that is sufficient to establish prejudice under these circumstances. Had the court, you know, obviously not considered the read and offenses, that would show that Mr. Triplett was not prejudiced in this case. But simply because the court considered the read and charges at sentencing as it was allowed to do under Wisconsin law, that does not mean that Mr. Triplett has shown what is required under Hill v. Lockhart to prove prejudice, which is that he wouldn't have taken the plea agreement and instead would have gone to trial. So what the court did at sentencing could, is not enough by itself to show that, to meet the Hill standard. May I take you elsewhere? As you pointed out in the brief, Mr. Peter's affidavit contains hearsay. But would hearsay be admissible to show why he might be entitled to an evidentiary hearing on the merits of his ineffectiveness claim, for example? There is no specific rule in Wisconsin prohibiting reliance on hearsay to prove, to allege sufficient facts to get an evidentiary hearing. In Wisconsin, actually, most of the time the focus is not on any affidavits attached to the motion, it's on the motion itself, which is just going to contain representations by counsel. So it was, I'm not going to, I can't argue that it was inappropriate for him to put forth the hearsay in the affidavit to support his claim in Wisconsin. But that goes again to when we're ultimately looking at is the Court of Appeals decision here, which the hearsay in the affidavit mostly really goes to whether counsel was deficient. There is, obviously, there is the allegation of prejudice in the affidavit as well. And, but that is, again, the conclusory, bald assertion, I wouldn't have gone to trial that the Court of Appeals relied on in finding that he hadn't satisfied his pleading standard. And, I'm sorry, did you have a question, Judge Ropener? No, I'm trying to breathe. Okay. I also wanted to briefly talk about the Court of Appeals opinion in terms of whether it's a merits decision. If this court is going to find that the claim is not defaulted, then I think there's a decision on the merits that this court has to defer to. And I don't believe that there's any, can be really a reasonable dispute that the Court of Appeals decision reasonably applied Hill versus Lockhart. Hill, you know, has specific language saying that when a defendant alleges he wouldn't have taken the plea, but for counsel's advice, the defendant should allege something special, something specific circumstances related to the advice that made it so important to him that the defendant wouldn't have taken the plea. In this case, certainly in the state court, the defendant did not allege any of those special circumstances. We just have a bare assertion that he wouldn't have taken the plea. There's nothing to explain why the court not considering these written offenses was so important to the defendant that he would have foregone, again, as the Court of Appeals does say, a substantial benefit, a significant reduction in sentence exposure. A pretty good recommendation from the state on sentencing. The state agreed not to make a specific sentencing recommendation and agreed to recommend that the sentences be served concurrently. You know, Mr. Triplett knew he was subject to the maximum sentences on the charges he pleaded to, and he hasn't really explained why it was so important that the trial court be prohibited from considering the rest of the charges that he agreed to have read in. Unless there are any further questions, I ask that this court affirm Mr. Triplett's judgment in order denying habeas relief. Thank you. Thank you, Mr. O'Neill. Anything further, Mr. Zuer? Yes, Your Honor. First off, regarding Hill and the substance of this case, the obvious point still remains that the reason why this was so important to Mr. Triplett was that it was actual sentence that matters. It's not the total sentencing exposure to a defendant that matters. If you take, juxtapose, a wire fraud defendant in the federal world that gets six counts of wire fraud for 120-year exposure but ends up with an 18-month actual sentence, vis-a-vis a single-count 922G defendant who ends up with a stat max 10-year sentence, the person who's serving the 10-year sentence is the one who would say that he is worse off, not the person who got the higher sentencing exposure. It's not exposure that matters. It's actual sentence. That's why the judge's reliance on the relevant conduct, the read-ins, was so critical to this sentencing and so critical to Mr. Triplett's analysis. And it's not the final outcome that matters under Hill. It is his deliberative process, Mr. Triplett's deliberative process that matters. Finally, regarding the procedural bar point, the judge's decision is, in fact, ambiguous for the reasons that we put forward in our brief. And if it isn't ambiguous, then it is clearly not a regularly followed rule. It has to be one of those two outcomes. Either the decision is ambiguous and you really decided on the merits, the court really decided on the merits, or it was not a rule that was regularly followed. For these reasons, we ask the court to enter the writ of habeas corpus that Mr. Triplett is requesting. Thank you. Thank you, Mr. Zurer. And we appreciate your willingness and that of your law firm to accept the appointment in this case and your assistance to the court as well as your client. The case is being under advisement.